In the Matter of the Claim of ADAM RAPKIEWICZ, Respondent, against TAYLOR IRON FOUNDRY et al., Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, April 28, 1943.

*William F. O'Rourke (George J. Hayes* with him on the brief), for appellants.

*Nathaniel L. Goldstein, Attorney-General (Roy Wiedersum* of counsel), for State Industrial Board, respondent.

*Wanda Wojcieszak,* for claimant, respondent.

HEFFERNAN, J. This is an appeal by an employer and its insurance carrier from an award of the State Industrial Board in favor of claimant for total disability compensation covering the period from May 24, 1941, to December 25, of the same year.

For about fifteen years prior to and on December 16, 1937, claimant was employed as an iron chipper by the appellant employer. On the latter date he ceased work, complaining of a cough with occasional pain in the chest and difficulty in walking.

About June 30, 1938, he filed a claim for compensation in which he stated that he terminated his employment on December 16, 1937.

At a hearing held on September 15, 1938, Dr. Amberson, a specialist in silicosis selected by the Department of Labor testified that he examined claimant on July 26, 1938. He referred to his report bearing that date. He said that claimant's disability was due to silicosis. He was asked the following question and made the following answer: " Q. In your opinion is the man disabled as a result of silicosis? A. In my opinion he had an early silicosis which is *partially disabling,* but I feel that he could do some light sedentary work." On the basis of this testimony the referee disallowed the claim on the ground that partial disability as a result of silicosis is not compensable and the State Industrial Board subsequently affirmed the referee's decision.

On claimant's application the case was later reopened. At a hearing held on September 26, 1941, claimant produced a physician who testified that he examined him for the first time on *May 16, 1941.* This doctor made a diagnosis of pneumoconiosis. He testified that claimant was permanently disabled but

admitted that he knew nothing of the latter's condition prior to the date of his examination. A second hearing was held on December 24, 1941, and Dr. Amberson was again called as a witness. He testified that he examined claimant on October 10, 1941, and found him totally disabled. He referred to the prior examination which he made on July 26, 1938, at which time it was his conclusion that claimant could do light work. At the close of this hearing the referee made the award under review which was subsequently affirmed by the State Industrial Board. As part of his decision the referee said: *" Total disability starts with May 16, 1941."*

Article 4-A of the Workmen's Compensation Law which embraces sections 65–72 deals solely and exclusively with silicosis and other dust diseases. The pertinent provision of section 66 is " compensation shall not be payable for *partial disability* due to silicosis or other dust disease." Section 67 so far as it relates to this case reads as follows: " An employer shall be liable for the payments prescribed by this article for silicosis or other dust disease when disability of an employee resulting in loss of earnings shall be due to an employment in a hazardous occupation in which he was employed, *and such disability results within one year after the last injurious exposure in such employment * * *."* It is clear from reading the quoted provisions of sections 66 and 67, that there can be no recovery for partial disability under the article in question. It is obvious that it is the intent of the Legislature to exclude cases of partial disability from the benefits of the statute.

It is undisputed that claimant ceased work on December 16, 1937, and in its decision the State Industrial Board found that the last injurious exposure occurred on that date. The Board also found that claimant became disabled as a result of silicosis on or about December 16, 1937, and on or about July 26, 1938. The record contains no evidence whatsover to support the finding of total disability as a result of silicosis on December 16, 1937. In fact the evidence is conclusive that claimant was only partially disabled on July 26, 1938. In denying an application for review the Board wrote: " We have made an examination of the record and we believe that the weight of the medical evidence adduced indicates that the claimant was totally disabled during the period covered by the award at issue. *The evidence shows that the claimant stopped work for the employer herein on December 16, 1937, due to silicosis. The last injurious exposure, therefore, must be established as of this date."* The Board also found that this exposure caused claimant *" to be*

*totally disabled from the 24th day of May, 1941, to the 25th day of December, 1941.''* Accepting the last finding of the Board it is clear that under the provisions of section 67 claimant is not entitled to benefits for the reason that the alleged total disability did not result until approximately three years and five months after the date of the last exposure.

Claimant is in a very unfortunate situation. There can be no doubt that he is now permanently disabled as a result of silicosis. The record discloses that he has not been employed in any gainful occupation since he ceased to work for this employer. In view of the findings of the Board, however, to which we have directed attention, we are powerless to aid him. It may be that if given the opportunity he may be able to submit proof as to the permanency of his disability within the statutory period of one year from the date of the last exposure.

The award is reversed, with costs to appellants against the State Industrial Board and the matter remitted to that tribunal to take any further proof which any of the parties may desire to submit.

HILL, P. J., CRAPSER, BLISS and SCHENCK, JJ., concur.

Award reversed, with costs to appellants against the State Industrial Board and the matter remitted to take further proof.